UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

SCOTTSDALE INSURANCE COMPANY and
NATIONAL CASUALTY COMPANY,

                Plaintiffs,                No.1:11-cv-02912 (BEL)

-against-

ERIC B. BOUNDS, DOUGLAS E. HOMESLEY,
JOSHUA W. OVERBAUGH, and BOUNDS
TRUCKING INC. d/b/a COASTAL ROLL-OFF,

                Defendants.

**PLAINTIFFS, SCOTTSDALE INSURANCE COMPANY'S AND NATIONAL CASUALTY COMPANY'S REPLY IN SUPPORT OF THEIR MOTION FOR DEFAULT JUDGMENT**

Plaintiffs, Scottsdale Insurance Company and National Casualty Company (collectively, "Plaintiffs"), by and through their attorneys, Goldberg Segalla LLP, hereby submit this Reply in Support of their Motion for Default Judgment ("Motion").

**INTRODUCTION**

In October 2007, Plaintiffs issued an insurance policy to Bounds Trucking d/b/a Coastal Roll-Off ("Coastal"). Coastal thereafter failed to make timely payments of the policy premium. The insurance policy was terminated on December 6, 2007 on Coastal's behalf. On January 8, 2008, a vehicle owned by Coastal was in an accident with Joshua Overbaugh (the "Accident"), who subsequently filed suit against Coastal, its owner (Eric Bounds), and the driver of its truck (Douglas E. Homesley).

Thereafter, Plaintiffs initiated the present action seeking a declaration limited to the narrow question of whether the insurance policy was in effect on the date of the

Accident. Defendants Eric Bounds, Douglas E. Homesley, and Coastal failed to appear leading Plaintiffs to seek a default judgment against each of those non-appearing defendants. Joshua Overbaugh ("Overbaugh"), the only defendant who has appeared in this action, opposes the Motion. Plaintiffs' Motion should be granted because Overbaugh lacks standing in this action to challenge the Motion and Plaintiffs' request for relief on the only issue involved in this action, whether the insurance policy was in effect on the date of the Accident.

## ARGUMENT

In his opposition, Overbaugh mischaracterizes the nature of the issue to be decided in the present action as involving the question of "whether Plaintiffs owe a duty to indemnify and defend Defendants Eric Bounds, Bounds Trucking Inc. and Douglas E. Homesley with regard to that underlying tort action that arises out of a January 8, 2008 motor vehicle accident." To be clear, the Court in this action will be asked to decide whether or not the insurance policy issued to Coastal was in effect on the date of the Accident despite being terminated on behalf of Coastal prior to the Accident, not whether Plaintiffs owe a duty to defend or indemnify any insured against Overbaugh's lawsuit. The insurers' potential obligations to defend or indemnify involve legal and factual issues that are not pertinent to and will not be determined in this action.

Although Plaintiffs may ultimately owe a duty to indemnify and defend against the Overbaugh suit, those potential obligations are not at issue in this lawsuit, nor are any issues pertaining to insurance coverage. In this action, Plaintiffs are not asking the Court to consider the terms and conditions of the insurance policies. There is no request for

policy interpretation. Simply put, this suit involves only whether the insurance contract was effectively terminated prior to the date of the Accident, nothing more.

As such, this is a contract dispute between Plaintiffs and the only other party to the contract, Coastal. Overbaugh was not a party to the insurance contract nor an intended beneficiary of the contract, rather, Overbaugh is a *stranger* to the contract. Incidental beneficiaries to a contract have no legal rights over the contract and therefore have no right to enforce the contract. *Marlboro Shirt Co. v. American District Telegraph Co.*, 196 Md. 565, 77 A. 2d 776 (1950). *Mackubin v. Curtiss-Wright Corp.*, 190 Md. 52, 57 A. 2d 318 (1948), *Weems v. Nanticoke Homes, Inc.*, 37 Md. App. 544, 553 (Md. Ct. Spec. App. 1977). If a third party is neither a creditor nor a donee of a party to the contract, the benefit the third party assumes from a contract is merely incidental, and no legal rights under the contract ensue. *Weems v. Nanticoke Homes, Inc.*, 37 Md. App. 544, 553 (Md. Ct. Spec. App. 1977). *Anne Arundel County v. Fidelity & Deposit Co.*, 336 Md. 282, 294 (Md. 1994).

Accordingly, Overbaugh has no legal rights regarding the contract and has very limited standing, if any, to oppose Plaintiffs' Complaint. That Overbaugh may have a potential future interest in the policy does not confer Overbaugh the same rights and standing to enforce the contract as Coastal enjoys. So long as Plaintiffs make a prima facie showing that the policy was terminated on Coastal's behalf for failure to pay policy premiums, Overbaugh has no standing to oppose such a showing. Nonetheless, even if the Court grants Plaintiffs' present Motion, Overbaugh will have an opportunity to present his arguments in response to an eventual dispositive motion.

In his answer to Plaintiffs' Complaint, Overbaugh raised estoppel, waiver, and related defenses. But, it is clear that a stranger to an insurance contract may not raise such defenses to prevent an insurer from denying coverage to its insured. *Quam v. Wulfekuhle*, 390 N.W.2d 472 (Minn. Ct. App. 1986), *Malakowsky v. Johannsen*, 374 N.W.2d 816 (Minn. Ct. App. 1985), *Makiesky v. National Guardian Life Insurance*, 174 Minn. 554, 219 N.W. 864 (1928). Only parties to a contract of insurance, or their privities, can claim the benefit of waiver or estoppel, parties who are strangers to the contract, who are not named in the contract as insured, are not entitled to assert a claim of waiver or estoppel against an insurance company to extend coverage. *FDIC v. Duffy*, 835 F. Supp. 307 (E.D. La. 1993). A third party to an insurance contract has no standing to bring suit against an insurer of a party alleged to have caused an accident. *Capitol Indem. Corp. v. Fraley*, 266 Ga. App. 561 (Ga. Ct. App. 2004), *Dunning v. New Eng. Life Ins. Co.*, 890 So. 2d 92, 97-98 (Ala. 2003).

Given that Overbaugh has no standing to enforce the contract and no legal rights regarding the contract, Overbaugh lacks standing to oppose Plaintiffs' attempt to seek a declaration that the insurance policy was effectively terminated by Coastal prior to the Accident. As such, Overbaugh's legal rights in relation to Plaintiffs will not be affected by the default judgment because Overbaugh has no such rights. The Court should direct entry of default judgment against the non-appearing defendants, Eric Bounds, Bounds Trucking Inc. and Douglas E. Homesley, and allow Plaintiffs to proceed in this action solely against Overbaugh.

## CONCLUSION

Plaintiffs' Motion for Default Judgment should be granted as against non-answering defendants, Eric Bounds, Bounds Trucking Inc. dba Coastal Roll-Off, and Douglas E. Homesley.

DATED: April 27, 2012

                By:    <u>*s/Patrick B. Omilian*</u>
                      Richard J. Cohen (admitted pro hac vice)
                      Patrick B. Omilian (admitted pro hac vice)
                      Saleel V. Sabnis (No. 28214)
                      Latha Raghavan (No. 07268)
                      Goldberg Segalla, LLP
                      *Attorneys for Plaintiffs*
                      Scottsdale Insurance Company &
                      National Casualty Company
                      665 Main St., Suite 400
                      Buffalo, New York 14203
                      (716) 566-5400

## CERTIFICATE OF SERVICE

      I hereby certify that on the 27th day of April, 2012, I electronically filed and served the foregoing with the Clerk of the Court using the CM/ECF system, and caused the same to be served via United States Mail upon the following:


Douglas E. Homesley
32352 Flower Hill Church Rd.
Eden, MD 21822

Bounds Trucking, Inc.
7519 Five Mile Branch Rd.
Newark, MD 21841

Eric Bounds
c/o Bounds Trucking, Inc.
7519 Five Mile Branch Rd.
Newark, MD 21841


                                      _ s/Patrick B. Omilian_____
                                        Patrick B. Omilian