## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE CO.<br>    and NATIONAL CASUALTY CO. | * | |
| | * | |
| Plaintiffs, | * | CIVIL NO.: BEL-11-2912 |
| | * | |
| v. | * | |
| | * | |
| ERIC B. BOUNDS, DOUGLAS E.<br>    HOMESLEY, JOSHUA W.<br>    OVERBAUGH, and BOUNDS<br>    TRUCKING INC. d/b/a<br>    COASTAL ROLL-OFF, | * | |
| | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## REPORT AND RECOMMENDATION

This Report and Recommendation[1] addresses the Motion for Default Judgment as to Defendants Eric B. Bounds, Douglas E. Homesley, and Bounds Trucking Inc. d/b/a Coastal Roll-Off ("Coastal") that Plaintiffs Scottsdale Insurance Co. ("Scottsdale") and National Casualty Co. ("NCC") filed,[2] ECF No. 19; Defendant Joshua W. Overbaugh's Response, ECF No. 33; and Plaintiffs' Reply, ECF No. 34. Defendants Bounds, Homesley, and Coastal have not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2.a. Having reviewed the filings, I find that a hearing is not necessary. *See* Loc. R. 105.6. For the reasons stated herein, I recommend that the Court GRANT Plaintiffs' Motion for Default Judgment as to Defendants Bounds, Homesley, and Coastal.

---

[1] Judge Legg referred this case to me pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(a) for a Report and Recommendation on Plaintiffs' Motion. ECF No. 32.

[2] Plaintiffs do not ask the Court to enter default judgment against Defendant Joshua W. Overbaugh, who filed an answer, ECF No. 8, to Plaintiffs' Complaint.

I.      FACTUAL AND PROCEDURAL HISTORY

Plaintiffs filed a Complaint in this Court on October 12, 2011.  ECF No. 1.  According to Plaintiffs, "Coastal procured a Commercial Auto policy underwritten by NCC" and "an Excess Liability policy . . . underwritten by Scottsdale" ("the Policies"), both with policy periods through October 5, 2008.  Compl. ¶ 10.  The Policies provided that insurance would be provided "[i]n return for the payment of premium" or "[i]n consideration of the payment of premium."  *Id.* ¶¶ 19 & 20 & Ex. A & B.  Plaintiffs claim that Coastal made its initial payment on the Policies, but did not make any of the nine other monthly payments it was obligated to make.  *Id.* ¶¶ 11–12. They state that Premium Financing Specialists, Inc., through whom Coastal contracted to make its payments, notified Coastal that the Policies "were cancelled, effective December 6, 2007 due to Coastal's failure to pay its premiums," after which the Policies "were never renewed or otherwise reinstated."  *Id.* ¶¶ 14 & 18.  Plaintiffs attached copies of the Policies and the Notice of Cancellation to their Complaint.  *Id.* Ex. A, B & D, ECF Nos. 1-2, 1-3 & 1-5.

Plaintiffs allege that, on January 8, 2008, after the Policies were cancelled "because Coastal had failed to pay the policy premiums," Homesley and Defendant Joshua W. Overbaugh were involved in an automobile accident, in which Homesley was driving a truck that Coastal owned.  *Id.* ¶¶ 23–25 & 27.  Overbaugh initiated suit in state court against Homesley, Coastal, and Bounds (who presumably owns Coastal), and Scottsdale retained counsel "to defend Bounds, Coastal and Homesley from the Overbaugh Lawsuit."  *Id.* ¶¶ 28–29.  Scottsdale and NCC then filed suit in this Court, alleging that the Policies were cancelled as of December 6, 2007.  *Id.* at 6. They asked the Court to declare that the Policies were "cancelled effective December 6, 2007," and that, on that basis, "Plaintiffs owe no duty to defend or indemnify Bounds, Coastal,

Homesley, or any other person or entity from or against the Overbaugh Lawsuit" or "with respect to the Accident." *Id.*

Overbaugh filed a timely answer, contending that "Plaintiffs are not entitled to the relief requested." Def. Overbaugh Answer 4, ECF No. 8. Homesley was served on December 9, 2011, ECF No. 14, such that he was required to file an answer by December 30, 2011. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (twenty-one days to file an answer). Bounds and Coastal were served on December 10, 2011, ECF No. 12 & 13, such that each was required to file an answer by December 31, 2011. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Neither Homesley, Bounds, nor Coastal filed an answer. On January 31, 2012, Plaintiffs filed a Motion for Entry of Default against these three defendants, ECF No. 16, and the Clerk of the Court entered an Order of Default on February 1, 2012, ECF No. 18.

Plaintiffs moved for a default judgment on February 6, 2012, and neither Homesley, Bounds, nor Coastal has filed a response. Defendant Overbaugh filed a response, arguing that "a Judgement [*sic*] by Default entered as to the non-answering defendants may result in an odd paradox," in which "Plaintiff's [*sic*] will have judgment against the non-answering defendants, . . . relieving them of their duty to indemnify and defend," while "if Defendant Overbaugh prevails, Overbaugh will have a judgment declaring that the Plaintiffs do have a duty to indemnify and defend the same non- answering defendants." Def. Overbaugh Resp. 2. Overbaugh quotes Fed. R. Civ. P. 54(b), which provides that, in a multi-party case, "'the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.'" *Id.* Insisting that "there is a just reason for delay," Overbaugh states:

> [T]he better course of action would be to stay the DJ [declaratory judgment] action as to the non-answering defendants and allow the DJ to proceed, with the

> Plaintiffs and Defendant Overbaugh as the only active parties, before a Magistrate Judge, without the need for the consent of the non-answering defendant[s].

*Id.* Defendant Overbaugh does not cite any case law whatsoever in support of denying Plaintiffs' Motion for Default Judgment. Nor does he cite any case law or statutory provision authorizing the referral of a case by consent to a magistrate judge, without receipt of all parties' consent.

In reply, characterizing their lawsuit as "a contract dispute between Plaintiffs and the only other party to the contract, Coastal," Plaintiffs contend that the suit is "limited to the narrow question of whether . . . the insurance policy issued to Coastal was in effect on the date of the Accident despite being terminated on behalf of Coastal prior to the Accident, not whether Plaintiffs owe a duty to defend or indemnify any insured against Overbaugh's lawsuit."[3] Pls.' Reply 1–2, 3. They argue that, because "Overbaugh has no standing to enforce the contract and no legal rights regarding the contract, Overbaugh lacks standing to oppose Plaintiffs' attempt to seek a declaration that the insurance policy was effectively terminated by Coastal prior to the Accident." *Id.* at 4. Plaintiffs do not provide any authority for the proposition that a non-defaulting defendant lacks standing to respond to a plaintiff's motion for default judgment as to other defendants.

---

[3] Notably, in their Complaint, Plaintiffs

> request the Court to enter an Order:
> a. Granting Judgment in favor of Plaintiffs;
> b. Declaring that the Auto Policy was cancelled effective December 6, 2007;
> c. Declaring that the Excess Policy was cancelled effective December 6, 2007;
> d. *Declaring that Scottsdale Insurance Company has no duty to defend or indemnify* Bounds, Coastal or Homesley with respect to the Accident;
> e. *Declaring that Scottsdale Insurance Company has no duty to defend or indemnify* Bounds, Coastal or Homesley with respect to the Overbaugh Lawsuit;
> f. *Declaring that National Casualty Company has no duty to defend or indemnify* Bounds, Coastal or Homesley with respect to the Accident;
> g. *Declaring that National Casualty Company has no duty to defend or indemnify* Bounds, Coastal or Homesley with respect to the Overbaugh Lawsuit; and
> h. granting all other just and appropriate relief.

Compl. 6 (emphasis added).

## II.    DISCUSSION

### A.  Default Judgment

Rule 55(b) of the Federal Rules of Civil Procedure governs default judgments.  Rule 55(b)(1) provides that the clerk may enter a default judgment if the plaintiff's claim is "for a sum certain or a sum that can be made certain by computation."  For "all other cases," in which the sum is neither certain nor ascertainable through computation, Rule 55(b)(2) provides:

> [T]he party must apply to the court for a default judgment. . . . The court may conduct hearings or make referrals — preserving any federal statutory right to a jury trial — when, to enter or effectuate judgment, it needs to:
>
> > (A) conduct an accounting;
> > (B) determine the amount of damages;
> > (C) establish the truth of any allegation by evidence; or
> > (D) investigate any other matter.

As the Court noted in *Disney Enters. v. Delane*, 446 F. Supp. 2d 402 (D. Md. 2006), "[t]he United States Court of Appeals for the Fourth Circuit has a 'strong policy that cases be decided on the merits.'" *Id.* at 4–5 (quoting *United States v. Shaffer Equip. Co*., 11 F.3d 450, 453 (4th Cir. 1993)).  Nonetheless, the Court also noted, "default judgment is available when the 'adversary process has been halted because of an essentially unresponsive party.'" *Id.* (quoting *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).

Here, Plaintiffs' claim is not for a sum; they seek declaratory relief.  *See* Compl. 5–6. The Court may grant a default judgment when a properly served defendant fails to respond to a complaint for declaratory relief.  *See Nautilus Ins. Co. v. BSA Ltd. P'ship*, 602 F. Supp. 2d 641, 645–46 (D. Md. 2009) (awarding default judgment in declaratory judgment action); *Am. Select Ins. Co. v. Taylor*, 445 F. Supp. 2d 681, 684 (N.D. W. Va. 2006) (same); *see also Penn Am. Ins. Co. v. Valade*, 28 Fed. App'x 253 (4th Cir. 2002) (unpublished per curiam op.) (affirming summary judgment in favor of insurer, against third party, following entry of default judgment

against insured in declaratory judgment action).  Therefore, the Court must determine whether a default judgment would be proper under the circumstances of this case.  *See* Fed. R. Civ. P. 55(b)(2).

In determining whether to award a default judgment, the Court will take as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages.  *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("'The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'") (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *see* Fed. R. Civ. P. 8(b)(6); *Agora Fin., LLC v. Samler*, No. WDQ-09-1200, 2010 WL 2899036, at *2–3 (D. Md. June 17, 2010) (quoting *Ryan*, 253 F.3d at 780-81); 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Fed. Prac. & Proc.* § 2688 (3d ed. 1998).  However, "[a] defendant's default does not in itself warrant the court in entering a default judgment.  There must be a sufficient basis in the pleadings for the judgment entered."  *DIRECTV, Inc. v. Pernites*, 200 Fed. App'x 257, 258 (4th Cir. 2006) (quoting *Nishimatsu*, 515 F.2d at 1206).  This is because "the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a)."  Wright, Miller & Kane, *supra*, § 2685.  Rather, "the district judge is required to exercise sound judicial discretion in determining whether the judgment should be entered," and the Court may "refuse to enter a default judgment."  *Id*.  Accordingly, the Court must "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."  *Id*. § 2688; *see Ryan*, 253 F.3d at 780 ("'The defendant is not held . . . to admit conclusions of law. . . . [A] default is not treated as an absolute confession by the defendant of

6

his liability and of the plaintiff's right to recover.'" (quoting *Nishimatsu*, 515 F.2d at 1206));

*Agora Fin., LLC*, 2010 WL 2899036, at *3 (quoting *Ryan*, 253 F.3d at 780-81); *see also Ohio*

*Cent. R.R. v. Cent. Trust Co*., 133 U.S. 83, 91 (1890) (stating that, even though plaintiff's

allegations may be taken as true and "the defendant may not be allowed, on appeal, to question

the want of testimony or the insufficiency or amount of the evidence, he is not precluded from

contesting the sufficiency of the bill, or from insisting that the averments contained in it do not

justify the decree"); *e.g.*, *Lawbaugh*, 359 F. Supp. 2d at 422 (concluding that "Plaintiff's

pleadings, taken as true, establish all of the alleged violations").

As noted, none of Defendants Bounds, Homesley, and Coastal filed an answer or

otherwise assert a defense.  Plaintiffs moved for an entry of default on January 31, 2012, and a

default judgment on February 6, 2012, and Defendants Bounds, Homesley, and Coastal still did

not respond.  It is within the Court's discretion to grant default judgment when a defendant is

unresponsive.  *See Park Corp. v. Lexington Ins. Co*., 812 F.2d 894, 896 (4th Cir. 1987)

(upholding a default judgment when the defendant lost its summons and did not respond within

the proper period); *Disney Enters.*, 446 F. Supp. 2d at 405–06 (holding that entry of default

judgment was proper because defendant had been properly served with complaint and did not

respond, even after plaintiffs tried repeatedly to contact him); *see also Lawbaugh*, 359 F. Supp.

2d at 422 (concluding that default judgment was appropriate because defendant was

"unresponsive for more than a year" after denial of his motion to dismiss, even though he was

properly served with plaintiff's motions for entry of default and default judgment).  Thus, the

Court will grant default judgment if Plaintiffs have established their entitlement to declaratory

relief.

28 U.S.C. § 2201 provides that a federal court, "upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." Here, Plaintiffs filed a declaratory judgment action pursuant to 28 U.S.C. § 2201, asking the Court to declare what legal obligations, if any, they have to Defendants Bounds, Homesley, and Coastal under the Policies. "A dispute between a liability insurer, its insured, and a third party with a tort claim against the insured over the extent of the insurer's responsibility for that claim is an 'actual controversy' within the meaning of the federal Declaratory Judgment Act, even though the tort claimant has not yet reduced his claim against the insured to judgment." *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 375 n.3 (4th Cir. 1994), *overruled on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995); *see Nautilus*, 602 F. Supp. 2d at 646 n.1 (quoting *Nautilus*, 15 F.3d at 375 n.3). All of Plaintiffs' factual allegations in their Complaint and supporting exhibits are deemed admitted with regard to Plaintiffs' Motion for Default Judgment because Defendants Bounds, Homesley, and Coastal did not file an answer or otherwise assert a defense. Fed. R. Civ. P. 8(b)(6); *Ryan*, 253 F.3d at 780.

Plaintiffs' Complaint summarizes the Policies that Defendant Coastal procured from Plaintiffs, and the Policies appear as Exhibits A and B to the Complaint. Compl. ¶ 10 & Ex. A & B. A contract exists where there is "mutual assent (offer and acceptance), an agreement definite in its terms, and sufficient consideration." *CTI/DC, Inc. v. Selective Ins. Co. of Am.*, 392 F.3d 114, 123 (4th Cir. 2004). The Complaint establishes that Plaintiffs and Defendant Coastal agreed to the terms of the Policies and that Defendant Coastal made one payment under each Policy, which involved the exchange of money for insurance coverage. Compl. ¶¶ 10–11. The Policies themselves show their terms and that the terms were definite. *Id.* Ex. A & B. Therefore, the Policies are contracts between each Plaintiff and Defendant Coastal.

8

A breach of contract is "a failure without legal excuse to perform any promise which forms the whole or part of a contract . . . ." *In re Ashby Enters., Ltd.*, 250 B.R. 69, 72 (Bankr. D. Md. 2000) (quoting *Conn. Pizza, Inc. v. Bell Atl.-Wash., D.C., Inc.*, 193 B.R. 217, 225 (Bankr. D. Md. 1996) (quoting *Weiss v. Sheet Metal Fabricators, Inc.*, 110 A.2d 671, 675 (Md. 1955)) (quotation marks omitted)).   The Policies and allegations in the Complaint establish that Plaintiffs agreed to defend and indemnify Defendant Coastal, "[i]n return for the payment of premium" or "[i]n consideration of the payment of premium."   Compl. ¶¶ 19–20 & Ex. A & B. Additionally, the allegations in Plaintiffs' Complaint establish that Defendant Coastal failed to make payments on the Policies, *see id.* ¶¶ 11–12, thereby breaching the contracts as of December 6, 2007.   *See In re Ashby Enters., Ltd.*, 250 B.R. at 72.   Therefore, as of the date of the accident at issue in the underlying state action, January 8, 2008, Defendant Coastal had breached the contract and Plaintiffs were no longer bound to defend and indemnify Defendant Coastal, its owner, or its employee.   Plaintiffs are entitled to a declaratory judgment to that effect, and the Court, in its discretion, may grant Plaintiffs' Motion for Default Judgment as to Defendants Bounds, Homesley, and Coastal.   *DIRECTV*, 200 Fed. App'x at 258; *Lawbaugh*, 359 F. Supp. 2d at 422.

One issue remains:   the effects of a default judgment as to Defendants Bounds, Homesley, and Coastal on Defendant Overbaugh.   At first blush, it appears that Defendant Overbaugh[4] is correct in his unsupported assertion that a default judgment as to some, but not all

---

[4] As noted, Plaintiffs challenge Defendant Overbaugh's standing to oppose their motion, without citing any case law that states that a non-defaulting defendant may not respond to a plaintiff's motion for default judgment as to other defendants.   *See* Pls.' Reply 4.   This Court has not uncovered any cases addressing this issue, and thus has not found any cases stating that a non-defaulting party may not respond.   In *Tennessee Farmers Mutual Insurance Co. v. Tim W. Smith Properties, LLC*, No. 3:11-CV-57-BRW, 2012 WL 956182 (E.D. Ark. Mar. 21, 2012), the non-defaulting party (also an injured party in a declaratory judgment brought by an insurer against its

defendants, would present the risk of inconsistent verdicts.[5]   Yet, the Fourth Circuit and this

Court have made clear that, "[w]hen an insurer initiates a declaratory judgment action against

both an injured third party and its insured, the injured third party acquires standing—independent

of that if the insured—to defend itself in the declaratory judgment proceeding," such that an

injured third party may "present its case against the insurer . . . *after the insured default[s]*."

*Penn Am.*, 28 Fed. App'x at 257 (emphasis added) (noting that the Supreme Court in *Md. Cas.*

*Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273–74 (1941), "determined that an 'actual

controversy' exists between an insurer . . . and a third party injured by the insured" under these

circumstances); *see Nautilus*, 602 F. Supp. 2d at 646 n.2 (quoting *Penn Am.*)   Put another way,

---

insured and a third party) responded to the insurer's motion for default judgment against its
insured, and the court considered the response.  This Court will consider Defendant Overbaugh's
response.

[5] Indeed, had Defendant Overbaugh researched his position, he would have found supporting
case law, albeit in other jurisdictions.  *See Tenn. Farmers Mut. Ins. Co. v. Tim W. Smith Props.,*
*LLC*, No. 3:11-CV-57-BRW, 2012 WL 956182 (E.D. Ark. Mar. 21, 2012) ("In a multiple-
defendant case, default judgment against one defendant should be avoided if the default
judgment could create 'inconsistent and unsupportable' results as to the non-defaulting
defendants. In a declaratory judgment action, a court would 'normally take the Tennessee
Farmers-insurer's motion to enter a default judgment against the defendant-insured under
advisement and allow the co-defendant-injured party to defend the action against the insurer on
the merits.'") (internal citation omitted) (quoting *Am. Std. Ins. Co. v. Rogers*, 123 F. Supp. 2d
461, 466 (S.D. Ind. 2000); *Stillwater of Crown Point Homeowner's Ass'n v. Kovich*, No. 2:09-
CV-157-PPS-PRC, 2010 WL 1541188, at *1 (N.D. Ind. Apr. 15, 2010) ("Because granting the
motion for default judgment [against one defendant] would risk the possibility of inconsistent
adjudications with respect to the remaining nondefaulting parties, Plaintiffs' motion for default
judgment is DENIED at this time."); *State Farm Mut. Auto. Ins. Co. v. Jackson*, 736 F. Supp.
958, 961–62 (S.D. Ind. 1990) ("Because of the nature of relief sought in this [declaratory
judgment] case, there is the potential for logically inconsistent judgments. For example, if [the
injured third party and her insurer] prevail on the merits, there will be a ruling that State Farm
has a duty to indemnify [its insured] Mr. Jackson and, therefore, is liable for the judgment
rendered against Mr. Jackson in state court. On the other hand, with regard to Mr. Jackson, the
default judgment has the effect of declaring that State Farm holds no legal duty to Mr. Jackson
pursuant to the insurance policy. Clearly, such results would be illogical. Therefore, to prevent
this potential outcome, the court vacates its default judgment entered against Mr. Jackson;
however, the clerk's entry of default stands. . . . Thus, . . . the court . . . postpones a final ruling
until the merits of the case have been adjudicated as to all defendants.").

the injured third party is "not bound by the default judgment" and is "entitled to defend on the merits in the declaratory judgment proceeding." *Penn Am.*, 28 Fed. App'x at 256 n.\*; *see Nautilus*, 602 F. Supp. 2d at 646 n.2 (quoting *Penn Am.* in granting insurer's motion for default judgment and declaring that injured third parties were "'not bound by the default judgment'" and could continue their defense in the declaratory judgment proceedings).

In *Penn America*, the injured third party, contractor JAV, brought suit in state court against subcontractor Exterior Wall Systems for property damage.  28 Fed. App'x at 255.  Penn America, Exterior Wall Systems' insurer, brought a declaratory judgment action against JAV and Exterior Wall Systems in federal court, "seeking a declaration that 'Penn America ha[d] no duty to defend Exterior Wall in [the state court suit], and no obligation to indemnify Exterior Wall for any settlement or judgment for damages arising out of the underlying civil action.'"  *Id.* at 256.  Exterior Wall failed to respond, the district court entered a default judgment against it, and Penn America moved for summary judgment in the remaining action against JAV, arguing that "under the Policy, it had no duty either to defend or to indemnify in the [state court] Lawsuit."  *Id.*  The district court granted summary judgment in favor of Penn America, and JAV appealed.  *Id.*

On appeal, the Fourth Circuit affirmed the summary judgment, reasoning that JAV's state court pleadings failed to allege facts that would bring the property damages within the ambit of Penn America's duty to defend or to indemnify Exterior Wall Systems.  *Id.* at 259.  In so holding, the Fourth Circuit determined that it had jurisdiction over JAV's appeal because JAV, as an injured third party, had standing to defend against the insurer and "was not bound by the default judgment."  *Id.* at 256 n.\* & 257.  Thus, of import, the Fourth Circuit did not reach its conclusion that Penn America had no duty to defend or to indemnify Exterior Wall Systems on

the basis of the default judgment against the insured; rather, it analyzed the issue without regard to the default judgment. *See id.* at 257–59.

*Nautilus* presented a similar scenario in which the insurer brought a declaratory judgment action in this Court against its insured and the third parties who had sued the insured in a separate action. 602 F. Supp. 2d at 645–46. Nautilus, the insurer, sought "to clarify its duty to defend and indemnify its insured . . . in a civil suit." *Id.* at 645. After the insured failed to respond, Nautilus moved for default judgment as to the insured and for summary judgment. *Id.* at 646. This Court granted the motion for default judgment, but noted that it did not have to enter "judgment against [the] injured parties because the injured parties 'ha[d] standing to defend the declaratory judgment action despite the absence of . . . the actual insured.'" *Id.* at 646 n.2 (quoting *Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 353 (3d Cir. 1986)). Therefore, it proceeded with its summary judgment analysis without regard to the default judgment against the insured, granting summary judgment in part and denying it in part. *Id.* at 646 & n.2.

In sum, it is clear that this Court may grant Plaintiffs' Motion for Default Judgment as to Defendants Bounds, Homesley, and Coastal, and proceed with the declaratory judgment action against Defendant Overbaugh, who still will have standing to defend even if the insured is no longer party to the action. *Id.* Therefore, as Plaintiffs' entitlement to declaratory relief has been established, I recommend that, after the fourteen days in which to object to this Report and Recommendation has passed, the Court GRANT Plaintiffs' Motion for Default Judgment as to Defendants Bounds, Homesley, and Coastal.

The parties have fourteen (14) days in which to file objections to this Report and Recommendation pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

A proposed Order follows.

Dated: <u>May 2, 2012</u>                                    <u>              /s/              </u>
                                                    Paul W. Grimm
                                                    United States Magistrate Judge

lyb

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **SCOTTSDALE INSURANCE CO.** <br>    **and NATIONAL CASUALTY CO.** | * | |
| | * | |
| **Plaintiffs,** | * | **CIVIL NO.: BEL-11-2912** |
| | * | |
| **v.** | * | |
| | * | |
| **ERIC B. BOUNDS, DOUGLAS E.** <br>    **HOMESLEY, JOSHUA W.** <br>    **OVERBAUGH, and BOUNDS** <br>    **TRUCKING INC. d/b/a** <br>    **COASTAL ROLL-OFF,** | * | |
| | * | |
| | * | |
| **Defendants.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>ORDER</u>

For the reasons stated in the Report and Recommendation that United States Magistrate Judge Paul W. Grimm submitted on May 2, 2012, and the time for filing objections to the Report and Recommendation having passed, it is, this _____th day of _____, 2012, ordered that Plaintiffs' Motion for Default Judgment as to Defendants Bounds, Homesley, and Coastal be and hereby is GRANTED.

_____
Benson Everett Legg
United States District Judge