| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY, et al.* | | IN THE |
| Plaintiffs | * | UNITED STATES |
| vs. | * | DISTRICT COURT |
| ERIC B. BOUNDS, et al. | * | DISTRICT OF MARYLAND |
| Defendants | * | No. 1:11-cv-02912 TJS |

\* * * * * * * * * * * * *

## PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT

COMES NOW, Defedant, Joshua Overbaugh ("Overbaugh"), by and through his attorney, Blaine M. Kolker, Esq. and movies in opposition to Defendants' Motion for Summary Judgment and in support thereof states as follows:

### INTRODUCTION

This Plaintiff's contention that Overbaugh has no standing to contest the cancellation of the insurance contracts in question is contrary to a litany of cases that establish the standing of injured third parties in declaratory judgment actions regarding the an insured's duties to indemnify and/or defend.   Further the Plaintiff's through their actions

### BACKGROUND

Defendant concedes that factual assertions set forth in Plaintiffs' motion, yet contends that those facts don't establish their to judgment as a matter of law. Further facts not included therein are as follows:

1.   Plaintiffs' representative advised this Defendant that there was valid coverage for the subject collision (Defendants' Answer to Interrogatories # 3, attached hereto as Exhibit 1)

2. Plaintiff National Casualty Company ("NCC") paid Defendant Overbaugh's lien holder for the property damage from the subject collision. (Defendant NCC's Responses to Defendant Joshua Overbaugh's Request for Admissions # 2, attached hereto as Exhibit 2)

3. That in reliance on the representations of Plaintiff's agents, Defendant Overbaugh delayed institution of litigation and incurred expense as a result of the delay. (Defendant Joshua Overbaugh's Answers to Plaintiffs' Second Set of Interrogatories ##16 - 19, attached hereto as Exhibit 3)

## STANDARD OF REVIEW

Under Rule 56(c), summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The burden rests initially on the movant to show the court that there is an absence of a genuine issue concerning any material fact and that the non-movant cannot prevail. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Even if there is no dispute as to the evidentiary facts, summary judgment is also not appropriate where the ultimate factual conclusions to be drawn are in dispute. Overstreet v. Ky. Cent. Life Ins., 950 F.2d 931, 937 (4th Cir. 1991).

Additionally, courts are required to view the facts and draw reasonable inferences "in the light most favorable to the party opposing the [summary judgment] motion. Scott v. Harris, 550 U.S. 372, 377. The party opposing the motion is entitled to have his or her version of the facts accepted as true and, moreover, to have all internal conflicts resolved in his or her favor.

Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir.1979).


**ARGUMENT**

**A.    Overbaugh has the right to dispute that the policies were not effectively cancelled.**

An ironclad rule that an insured's victim can never bring suit against the insurer unless he has a judgment against him is inappropriate. Bankers Trust Co. v. Old Republic Ins. Co., 959 F.2d 677, 682 (7th Cir. 1992).  The victim of an insured's tort, even though he is not a third-party beneficiary of his insurer's insurance policy, has a legally protectable interest in that policy before he has reduced his tort claim to judgment. Id.  This only serves to establish the insurer's policy limits are enforced, and is not a direct suit against the insurer. Id. (citing Reagor v. Travelers Ins. Co., 92 Ill. App. 3d. 99, 103-04 (1980)).

The leading federal case in this area was offered by the Supreme Court in Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270 (1941). In Maryland Casualty, a truck driven by an employee of the insured was in an automobile accident with an injured third party. The insurer claimed that it was not liable to indemnify or defense the insured because the truck was not covered by the insured liability policy.  The court ruled that an 'actual case or controversy' existed in a declaratory judgment setting between the injured third party and the insured, giving the injured party standing to participate in the suit.

In Nautilus Ins. Co. V. BSA Ltd. P'Ship, 602 F.Supp.2d 641, 646 n.2 (D. Md.  2009), a case applying Maryland law, the court said that the injured third party "acquires standing-independent of that of the insured-to defend itself in a declaratory judgment proceeding.

3

In further support of Overbaugh's claim of standing, the court in <u>Whatley v. Utah Medical Ins.</u>, 47 F. 3d 1177 (9th Cir. 1995), a medical malpractice case, the court refused to adopt the theory that because no insurance policy was in effect, that there was nothing upon which to base third-party standing.  This theory would allow insurers to avoid all litigation by simply asserting that a policy is no longer in effect [or cancelled].  <u>Id</u>.  The court stated that:

> The better approach is to allow third-party standing to litigate any issues which, if resolved in the claimants favor, would tend to establish liability on the part of the alleged insurer.  We conclude the district court erred in denying Appellants standing to litigate the issue of cancellation of the insurance policy.

<u>Id</u>.

The cases cited herein and by this court in it Report and Recommendation (Dkt. # 35), establish the right of the injured third party to defend a declaratory judgement action.  If the Plaintiffs' position is accepted, such a right would be illusory and the litigation between the insurer and its insured, resolved by default or otherwise, would effectively foreclose any further litigation.

**B.     Scottsdale and National Casualty waived or should otherwise be estopped from obtaining the relief sought**

The doctrine of waiver may operate to deprive an insurer of a right it would otherwise enjoy.  <u>Gov't Employee's Ins. Co. v. Group Hospitalization Med. Services, Inc.</u>, 322 Md. 645, 649 (1991).  The Maryland courts have defined waiver as "'the intentional relinquishment of a known right' existing for the benefit of the insurer."  <u>Id</u>. (quoting <u>St. Paul Fire and Marine Ins. Co. v. Molley</u>, 291 Md. 139, 145 (1981)).  The <u>Gov't Employee's</u> court went on to define waiver as:

> The intentional relinquishment of a known right, or such conduct as warrants an inference of the relinquishment of such right, and may result from an express agreement or be inferred from circumstances.

Id.

In Progressive Cas. Ins. Co. v. Ehrhardt, 69 Md. App. 431, 436-37 (1986), the injured party filed a tort action against the defendant for personal injuries he sustained in an automobile accident that occurred six days after the defendant's insurance policy was cancelled . Similar to this case, the insurer sought a declaratory judgment claiming it had no duty to defend or indemnify because the defendant failed to pay his premiums as required under the insurance policy. Id. However, after the accident the defendant paid his overdue premiums, and the insurer renewed the policy retroactive to a date before the accident. Id. The court ultimately found that; 1) the insurer had knowledge of the accident in question before it retroactively reinstated the insured's policy; and 2) the insurer waived its right to avoid coverage of the loss, by acting inconsistent with the insurance policy by not reinstating the insured's policy on the date the defendant tendered payment. Additionally, the court cited J.A. APPLEMAN & J. APPLEMAN, 16B INSURANCE LAW AND PRACTICE § 9084, at 522 (1981) (emphasis added):

> Such waiver may be established by express agreement, conduct, course of dealing, or ratification.... The substance of the doctrine of waiver is that if the insurer, with knowledge of facts which would bar an existing primary liability, recognizes such primary liability by treating a policy as in force, it will not thereafter be allowed to plead such facts to avoid its primary liability. *A forfeiture is waived where the insurer with knowledge thereof recognizes continued validity of the policy.*

5

The doctrine of estoppel arises by operation of law to abate the rights and privileges of an insurer where inequity would result due to prejudicial reliance of the insured [or injured party] upon some act, conduct or failure to act by the insurer.  Loyola Univ. of Chicago v. Humana Ins. Co., 996 F.2d 895, 902 (7th Cir. 1993).  Estoppel occurs when one party knowingly misrepresents or conceals a material fact, and the other party, not knowing the truth, reasonably relies on that misrepresentation or concealment to his detriment.  Id. (quoting Black v. TIC Invest. Corp., 900 F.2d 112, 115 (7th Cir. 1990).  The asserting party bears the burden of showing that it would have not acted but for the conduct or representations of the other party and had no knowledge or convenient means of ascertaining the truth which would have prompted a different reaction.  Id.

Scottsdale and National Casualty should be estopped from or have otherwise waived their right to deny coverage for the subject accident.

The Plaintiff's through their agents repeatedly acknowledged and to actions consistent with the existence of a valid policy including, payment of property damage, the hiring of counsel pre-suit and the request for and the procurement of confidential medical records.

In reliance of the representation, Overbaugh acted and/or refrained from acting in manner that was to his detriment.  Through word and deed, the Plaintiff's acknowledged the validity of the subject policies.  Any attempt to now seek relief from these policies, after Overbaugh acted in reliance on their representation, should be precluded.

**CONCLUSION**

For the foregoing reason, Plaintiff's' Motion for Summary Judgment must be denied.

/s/ Blaine M. Kolker
Blaine M. Kolker, Esq. #23268
Law Offices of Jeffrey J. Silver
*Attorneys for Defendant*
*Joshua W. Overbaugh*
1120 St. Paul Street, Suite 2 N.
Baltimore, MD 21202
(410) 625-8800
Bkolker@jjsilverlaw.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 4th day of January, 2013, I electronically filed the foregoing Opposition to Defendants' Motion for Summary Judgment with the Clerk of the District of Maryland using its CM/ECF system which resulted in electronic service on the following CM/ECF participant:

Richard J. Cohen
Patrick B. Omilian
Saleel V. Sabnis
Latha Ragavan
Goldberg Segalla LLP
*Attorneys for Plaintiffs*
1700 Market St., Suite 400
Philadelphia, PA 19103
Telephone: (267) 519-6800
Fax: (267) 519-6801
rcohen@goldbergsegalla.com
pomilian@goldbergsegalla.com
ssabnis@goldbergsegalla.com

/s/ Blaine M. Kolker
Blaine M. Kolker, Esq.